NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH ALLEN TIDWELL, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> PAUL GALLAGHER, M.D., in his individual capacity, <br><br> Defendant-Appellee. | No.  17-56074 <br><br> D.C. No. 2:14-cv-05072-AG-E <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted May 15, 2018[**]

Before:  SILVERMAN, BEA, and WATFORD, Circuit Judges.

Joseph Allen Tidwell, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical need.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2004).  We affirm.

The district court properly granted summary judgment because Tidwell failed to raise a genuine dispute of material fact as to whether Gallagher caused the delay in providing medical records to an outside specialist.  *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]." (citation and internal quotation marks omitted) (emphasis in original)).

**AFFIRMED.**